El Pueblo de Puerto Rico, a requerimiento de Bautista Rosario, demandante y apelante, *v.* Luis Ferrer, demandado y apelado.

No. 6176.—*Sometido:* Junio 11, 1934. *Resuelto:* Junio 26, 1934.

*T. Bernardini de la Huerta,* abogado del apelante; *Luis F. Camacho,* abogado del apelado.

### EN MOCIÓN DE RECONSIDERACIÓN

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En el presente caso desestimamos la apelación por académica, en vista de que la persona que el auto trataba de separar de su cargo ya había cesado como miembro de la Asamblea Municipal de Cidra. La opinión emitida en este caso **indica con toda claridad que el recurso era académico, mas también que debió prevalecer originalmente** la contención del relator. Éste radicó una moción de reconsideración fundado **en que se le había condenado al pago de costas en la corte inferior y, por ende, que en cuanto a éstas** la apelación no era académica.

En 8 de mayo de 1934, expedimos una orden para **mostrar causa por la cual el apelante no debía ser** exonerado del pago de las costas. El querellado no contestó a esta orden para mostrar causa. En 1°. de junio expedimos otra or den **en la que sugerimos a las partes que debían discutir la cuestión de si en un procedimiento de** *quo warranto* el relator tenía derecho a apelar o si tal derecho residía exclusivamente en el fiscal general. El relator no ha archivado alegato ni **ha comparecido.** El querellado radicó un alegato en que sostiene que la única persona con derecho a apelar lo era el fiscal general o El Pueblo de Puerto Rico. En este alegato se hizo referencia al caso de *Santiago* v. *Feuille,* 10 P.R.R.

432. Una lectura de la opinión del Juez Asociado Sr. Mac-Leary en dicho caso nos ha convencido de que el fiscal general es la única persona que puede iniciar un procedimiento de *quo warranto* como el presente, pero después de iniciado, el derecho a proseguir el recurso está bajo el dominio del relator. La opinión en dicho caso sostiene que el relator tiene entonces el dominio del caso hasta su determinación final.

El artículo 348 del Código de Enjuiciamiento Civil lee como sigue:

"Un pleito se considera pendiente desde que principia hasta su resolución final en apelación, o hasta que haya expirado el tiempo para interponer el recurso de apelación, a menos que se haya cumplido el fallo con anterioridad."

Por tanto, nos hemos convencido de que al relator no debió condenársele al pago de las costas. Por consiguiente, nuestra resolución de abril 25, 1934, *debe ser modificada* a fin de que lea que la sentencia de la corte inferior en tanto en cuanto desestimó las pretensiones del relator debe ser confirmada, toda vez que el recurso es académico, pero dicha sentencia debe ser revocada en tanto en cuanto condena al relator al pago de las costas.